**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Securities and Exchange Commission,<br><br>    Plaintiff<br><br>v.<br><br>Derek J. Slattery, et al.,<br><br>    Defendants | Case No.: 2:22-cv-00715-JAD-BNW<br><br>**Order Granting in Part Motion for Entry of Clerk's Default and Granting Motion to Strike**<br><br>[ECF Nos. 13, 18] |

The Securities and Exchange Commission (SEC) moves for entry of default against defendants Derek Slattery and TradeSmart Software RIC Corporation and also moves to strike three of Slattery's filings as untimely and improper.[1] The filings ostensibly include Slattery's response to the SEC's motion for an order admonishing him, a duplicate filing of that response with exhibits attached, and another exhibit.[2] The SEC argues that all three filings should be stricken because, if they were intended as an answer to the SEC's complaint, they were filed more than two weeks after the responsive-pleading deadline and after the SEC had already moved for entry of default—and they "contain the sort of 'redundant, immaterial, impertinent, or scandalous matter' that may be stricken under" Federal Rule of Civil Procedure 12(f).[3] The SEC alternatively contends that, if the filings were meant as a motion to dismiss, they fail for the same reasons and because they don't comply with the local rules and are "riddled with profanity and

---

[1] ECF No. 13 (motion for entry of clerk's default); ECF No. 18 (motion to strike). I find that these motions are suitable for disposition without oral argument. L.R. 78-1.

[2] ECF No. 15 (response); ECF No. 16 (duplicate response with exhibits); ECF No. 17 (exhibit).

[3] ECF No. 18 at 2 (quoting Fed. R. Civ. P. 12(f)).

improper accusations impugning the integrity of SEC counsel."[4]  Slattery hasn't filed a response to the motion to strike, and his deadline to do so has expired.[5]

Under this district's local rules, "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."[6]  Although this rule supports an order summarily granting the motion to strike, it should also be granted on its merits based on Slattery's filings' procedural deficiencies, lack of clarity, inappropriate language, and failure to comply with the local rules.  Slattery's filings are seemingly fashioned as letters to the court, but the court doesn't respond to letters—it responds only to pleadings and properly filed motions.  Local Rule IA 7-1(b) directs that "[a]ll communications with the court must be styled as a motion, stipulation, or notice, and . . . [t]he court may strike any case-related correspondence" that is not so styled.[7]  Slattery also conflates criminal and civil matters, noting that he intends to enter a "plea of not guilty, no contest."[8]  But this is not a criminal case, and his purported "plea" has no effect in this civil matter.

Slattery arguably attempted to file an answer, as some of the pages of his filings are called "[a]nswers to [c]ase 2:22-CV-00715."[9]  But, as discussed supra, those filings are not in the proper format and seem to take the form of letters and attachments to letters.  So, although I strike these filings, and because it cannot be said that Slattery has "failed to plead or otherwise defend" himself in this case, I deny the SEC's motion for default against Slattery and, in the

---

[4] *Id.*

[5] ECF No. 21 (notice of non-opposition to motion to strike).

[6] L.R. 7-2(d).

[7] L.R. IA 7-1(b).

[8] ECF No. 15 at 1.

[9] *See, e.g.*, *id.* at 9–16, 18.

interest of justice, I grant Slattery 10 days to file a proper answer.  I encourage Slattery to consult the court's website and the Federal Rules of Civil Procedure for guidance in doing so.[10]  Various resources for pro se litigants are available on the court's website at https://www.nvd.uscourts.gov/self-help/representing-yourself-assistance/.  And a sample answer is available at https://www.uscourts.gov/forms/pro-se-forms/defendants-answer-complaint.  These resources are intended as examples only and do not constitute legal advice.  I also reiterate Magistrate Judge Weksler's admonition to Slattery and remind him that this court expects civility and respect from all litigants.[11]  Slattery's failure to engage in professional conduct and respectful communications could result in sanctions.

But I find that the SEC has sufficiently shown that TradeSmart is in default.  Slattery apparently doesn't attempt to answer on TradeSmart's behalf—nor could he because "[i]t is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney."[12]  So I grant the SEC's motion for entry of default against the company and direct the Clerk of Court to enter default as to TradeSmart only.

## Conclusion

IT IS THEREFORE ORDERED that the SEC's motion for entry of default **[ECF No. 13] is GRANTED as to TradeSmart Software RIC Corporation and DENIED as to Derek J. Slattery**.  The Clerk of Court is directed to **ENTER DEFAULT against TradeSmart**.

---

[10] *See, e.g.*, Fed. R. Civ. P. 7, 8, 10–12.

[11] *See* ECF No. 20 (minute order granting the SEC's motion to admonish Slattery for abusive, vulgar, and profane communications).

[12] *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004) (cleaned up).

IT IS FURTHER ORDERED that the SEC's motion to strike **[ECF No. 18] is GRANTED**. The Clerk of Court is directed to **STRIKE the filings at ECF Nos. 15, 16, and 17 from the record**. Slattery has until August 8, 2022, to file a proper answer. If he fails to do so, the SEC may renew its motion for default against him.

_____
U.S. District Judge Jennifer A. Dorsey
July 28, 2022