LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
Gary Leung, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>vs.<br><br>DEREK J. SLATTERY AND TRADESMART SOFTWARE RIC CORPORATION,<br><br>       Defendants. | Case No. 2:22-cv-00715-JAD-BNW<br><br>**Order Granting Motion for Final Default Judgment; Entry of Final Judgment against Derek J. Slattery and Tradesmart Software RIC Corporation**<br><br>ECF No. 38 |

Default was entered against Defendants Derek J. Slattery and TradeSmart Software RIC Corporation on October 2, 2022, after they failed to defend against the Securities and Exchange Commission's (SEC's) allegations in this securities-fraud action. ECF No. 35. The SEC now moves for default judgment against these defendants. ECF No. 38.

Because the SEC has established that default judgment is warranted under the factors in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), for the reasons stated in its memorandum of points and authorities, ECF No. 38, IT IS ORDERED that the SEC's motion for entry of default judgment **[ECF No. 38] is GRANTED.**

**So, with good cause appearing and no reason to delay, IT IS ORDERED, ADJUDGED, AND DECREED that FINAL JUDGMENT is entered against Derek J. Slattery and TradeSmart Software RIC Corporation ("Defendants") as follows:**

### I. Injunction against Exchange Act violations

Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, the mails, or any facility of any national securities exchange in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following persons who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

## II.  Injunction against Securities Act violations

Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following persons who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any Defendant or with anyone described in (a).

## III.  Monetary Judgment

Defendants are jointly and severally liable for: (1) disgorgement of **$1,051,866, representing net profits** gained as a result of the conduct alleged in the complaint, **together with prejudgment interest thereon in the amount of $32,919.28**; and (2) **a civil penalty in the amount of $1,057,366,**  pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendants must satisfy this obligation by paying $2,142,151.28 to the SEC within 30 days of entry of this Final Judgment.

Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which must be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and must be accompanied by a letter identifying the case title, civil action number, name of this court, and the name of the defendant making the payment.  The letter also must explain that payment is made against this Final Judgment.

Defendants must simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds will be returned to Defendants.

The SEC may enforce this judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The SEC may enforce this judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any court orders issued in this action.   Defendants must pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment under 28 U.S.C. § 1961.  The SEC will hold the funds, together with any interest and income earned

thereon (collectively, the "Fund"), pending further order of the court.

The SEC may propose a plan to distribute the Fund subject to the court's approval, which may direct that the Fund be distributed according to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Fund may only be disbursed in accordance with an order of the court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties in this judgment must be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor may they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants must, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs.  Such a payment may not be deemed an additional civil penalty or deemed to change the amount of the civil penalty imposed by this judgment.  For purposes of this paragraph, a "Related Investor Action" means a private-damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the complaint in this action.

1

IV.

2        This Court will retain jurisdiction of this matter for the purposes of enforcing the

3  terms of this Final Judgment.

4

5                                      _____

6                                        HON. JENNIFER A DORSEY
UNITED STATES DISTRICT JUDGE
February 7, 2023

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28